IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Irma Clark, on behalf of Joseph Lewis Clark,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:07-cv-00510 |
| | : | |
| -vs- | : | District Judge Michael R. Barrett |
| | : | |
| **Edwin Voorhies, et al.,** | : | |
| | : | |
| Defendants. | : | |

### Defendants' Motion to Stay the Case and Discovery

By separate Motion concurrently filed with the instant Motion, Defendants have sought the application of qualified immunity. They accordingly move to stay both the case and discovery. Fed. R. Civ. Pro. 26(c); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) ("until this threshold immunity question is resolved, discovery should not be allowed[.]"). The attached Memorandum supports this Motion

Respectfully submitted,

NANCY H. ROGERS
Attorney General of Ohio

/s/ *J. Eric Holloway*
J. ERIC HOLLOWAY (0063857)
Assistant Attorney General
Corrections Litigation Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215
614/644-7233; Fax: 866-459-6675
eholloway@ag.state.oh.us
Trial Counsel for Defendants

## **Memorandum in Support**

### I.  Introduction

After a criminal trial, Mr. Clark was sentenced to death for crimes to include murder that he committed in the Toledo, Ohio area.  On May 2, 2006, after all possible appeals and collateral attacks in state and federal courts, *See Clark v. Mitchell*, 425 F.3d 270, 273-6 (6th Cir. 2005), the Ohio Supreme Court's warrant of death was enforced, and Mr. Clark died that day, (*see* Doc. 1, Complaint, ¶ 5).

Plaintiff Irma Clark, Mr. Clark's mother, filed the instant civil rights action.  (Doc. 1, Complaint.)  The Complaint arguably only sets forth allegations regarding alleged failures to abide by state law.  (Doc. 1, Complaint, ¶¶ 9-11, 18, and 38; *and see* ¶ 32-3.)  Concurrently with this Motion, Defendants filed a Motion for Judgment on the Pleadings.  It argues, in sum, (1) that the instant Complaint failed to state a claim for which relief may be granted; and (2) that all Defendants are entitled to qualified immunity.  Defendants move to stay the case and discovery.

### II.  Argument

**A.  The defense of qualified immunity relieves a litigant of the rigors of liability, litigation and discovery.**

The Supreme Court has held that "until this threshold immunity question is resolved, discovery should not be allowed[.]"  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).  Arguably then, a district court does not err by denying a motion to compel discovery if the defense were raised.  *See Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) ("The Supreme Court has clearly stated that discovery in litigation against government officials should be halted until the threshold question of immunity is resolved.").

The Sixth Circuit has explained thoroughly the nature of the qualified immunity defense as it pertains to discovery.  It has held:

> <u>The purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery.</u> *See Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). In fact, the Court in *Anderson v. Creighton* emphasized that "one of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'" *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (quoting *Harlow*, 457 U.S. at 817). So, here, even though the defendant-appellant is free to renew his motion later, "[he] would in the meantime be forced to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid." *Wallin v. Norman*, 317 F.3d 558, 563 (6th Cir. 2003).

*Summers v. Leis*, 368 F.3d 881, 886-887 (6th Cir. 2004) (emphasis added).

In this case, Defendants have asserted the defense of qualified immunity. This was done through a Motion for Judgment on the Pleadings filed concurrently with this Motion. The assertion of the defense suffices to impose the requested stay of discovery. *Id.*

**B.  Judicial economy favors the stay of discovery until the Court rules upon a potentially dispositive motion.**

Courts across the country have held that plaintiffs have no right to unlimited discovery pending resolution of dispositive motions. In addressing a stay pertaining to the filing of a motion for summary judgment, the controlling law was aptly summarized by a leading case on point:

> As correctly noted by the district court, a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56(e) motion for summary judgment.

*Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029-1030 (5th Cir. 1983); *see also Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486 (5th Cir. 1985) *cert. den.* 475 U.S. 1107 (1986); *Brown v. Cameron-Brown Co.*, 652 F.2d 375, 379 (4th Cir. 1981).

3

Applying the foregoing principle, courts have held that it is appropriate to limit discovery on matters not necessary to defend against dispositive motions pending resolution of such motions. *Sprague v. Brook*, 149 F.R.D. 575 (N.D. Ill 1993); *Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (5th Cir. 1991) ("limiting discovery to a threshold issue is proper in a case that may be resolved by summary judgment"); *Jarvis v. Regan*, 833 F.2d 149, 153 (9th Cir. 1987); *Patterson v. U.S. Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990).  The reasons for such relief are aptly explained by the following description of what would occur if such relief was denied:

> Full blown discovery would thus have had two possible effects: (i) forcing McDermott to a trial on the merits, or (ii) accumulation by Ingram of a vast amount of information mainly pertinent to a trial on the merits, but would have meant, in the event of early resolution of the suit on legal grounds, wasted time, resources, and efforts of all parties and the District Court.  The draftsmen of the federal procedural rules did not contemplate such anomalous results.

*Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1308 n. 22 (5th Cir. 1993).  Where courts exist to dispense justice, it seems hardly justifiable to expend needlessly time, energy, and any other resource associated with complying with the discovery process.

Of more particular interest here, the Supreme Court and the Sixth Circuit have held that it is particularly appropriate to stay discovery until the propriety of the underlying action is determined. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir., 1993).  The Sixth Circuit explained the rationale for such appropriate action, stating:

> Yet, extensive discovery and other extended proceedings at this stage may frustrate the significance and benefit of entitlement to immunity from suit.  Accordingly, <u>discovery and fact-finding should be limited to the essentials necessary to determining the preliminary question of jurisdiction</u>.

*Gould, Inc., v. Peachiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir., 1988) (emphasis added). Thus, discovery unrelated to the resolution of a pending dispositive motion should be limited.

Here, discovery is not required to respond to the pending Motion for Judgment on the Pleadings. That Motion challenges only the legal sufficiency of Plaintiff Clark's Complaint. It contains no evidentiary support, referring only to Plaintiff's own Complaint, case law and a secondary source, the applicable policy and procedures for executions. Plaintiff needs only to respond with arguments premised upon legal research to oppose the pending dispositive Motion. Thus, the rule expressed in *Gould, supra*, is promoted through the requested stay of discovery.

### III. Conclusion

Defendants ask the Court both (1) to stay the case, to include all deadlines in this matter, and (2) to stay all discovery pending resolution of the Motion for Judgment on the Pleadings.

Respectfully submitted,

NANCY H. ROGERS
Attorney General of Ohio

/s/ *J. Eric Holloway*
J. ERIC HOLLOWAY (0063857)
Assistant Attorney General
Corrections Litigation Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215
614/644-7233; Fax: 866-459-6675
eholloway@ag.state.oh.us
Trial Counsel for Defendants

### CERTIFICATE OF SERVICE

I certify that, on 8th October 2008, a copy of the foregoing ***Defendants' Motion to Stay Discovery*** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Alan S. Konop (0029036)
413 N. Michigan Street
Toledo, Ohio 43624
(419) 255-0571; Fax (419) 255-6227

/s/ *J. Eric Holloway*
J. ERIC HOLLOWAY