IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Irma Clark, on behalf of Joseph Lewis Clark,** | : | |
| **Plaintiff,** | : | Case No. 1:07-cv-00510 |
| -vs- | : | District Judge Michael R. Barrett |
| **Edwin Voorhies, et al.,** | : | |
| **Defendants.** | : | |

### Defendants' Motion to Strike, Motion in Limine in the Alternative

Defendants move to strike newly submitted factual assertions set forth in Plaintiff's opposition to Defendants Motion for Judgment on the Pleadings. *See* Fed. R. Civ. Pro. 12(c) and 26(c). The attached Memorandum supports this Motion.

                                        Respectfully submitted,

                                        NANCY H. ROGERS
                                        Attorney General of Ohio

                                        /s/ *J. Eric Holloway*
                                        J. ERIC HOLLOWAY (0063857)
                                        Assistant Attorney General
                                        Corrections Litigation Section
                                        150 E. Gay Street, 16th Floor
                                        Columbus, Ohio 43215
                                        614/644-7233; Fax: 866-459-6675
                                        eholloway@ag.state.oh.us
                                        Trial Counsel for Defendants

**Memorandum in Support**

### I. Introduction

Plaintiff Irma Clark, Mr. Clark's mother, filed the instant civil rights action. (Doc. 1, Complaint.) She challenges the manner in which her son was lawfully put to death pursuant to a valid order of execution issued by the Ohio Supreme Court. (Doc. 1, Complaint.)

On October 8, 2008, Defendants filed their Motion for Judgment on the Pleadings. (Doc. 11.) Plaintiff Irma Clark timely opposed the Motion on November 17, 2008, having obtained more time. (Doc. 16.) Concurrently with this Motion, Defendants filed their Reply in Support of their Motion.

In the Plaintiff's Opposition, new factual assertions are presented to the Court. Plaintiff did not present them in the Complaint and has not sought to amend it, (Record, *passim*). Specifically, Plaintiff cited newspaper accounts of the Clark execution. (*See* Doc. 16, MIO, p. 1-3, n. 1-11.) He cited to various secondary sources, to include an article addressing the death penalty, as well as what is presented as an autopsy report. (*See* Doc. 16, MIO, p. 8-10.)

### II. Argument

A motion for judgment on the pleadings attacks the legal sufficiency of the claims raised in a Complaint. Fed. R. Civ. Pro. 12(c). As explained by the Sixth Circuit, "[W]e must 'construe the complaint in the light most favorable to the plaintiff, **accept all of the complaint's factual allegations as true**, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)) (emphasis added).

In further explanation of the review done through a motion for judgment on the pleadings, the Sixth Circuit has provided:

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion: *In Bell Atlantic Corp. v. Twombly*, 550 U.S.   , 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S.   , 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007),…the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombly*, 127 S. Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the **factual allegations <u>contained in the complaint</u>**." *Id.* (citing *Twombly*, 127 S. Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12.

*Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 550 (6th Cir. 2008) (cite omitted) (emphasis added).  Unless the Court permits the addition of materials to convert the motion into one for summary judgment, Fed. R. Civ. Pro. 12(c), a motion that questions the legal sufficiency of a plaintiff's claim must consider the allegations in the plaintiff's complaint.

Here, Plaintiff Clark inserts factual materials into her opposition to Defendants' Motion for Judgment on the Pleadings.  She cites to what could only be a hearsay-laden newspaper account and a journal article.  Both article and journal arguably are replete with hearsay within hearsay statements.  She also cites to an unauthenticated report, which is not submitted under oath.  She presents this report as another State's corner's report concerning the execution of her son.  None of these factual allegations belong in the review of the legal sufficiency of the pleadings.  They are presented in an effort to sway the Court as to the validity of the claims in

the Complaint, based upon evidence better presented at trial. They are presented to attempt to negate the deficiencies in the claims' legal basis. They are not properly considered for purposes of the pending Motion.

### III. Conclusion

Defendants ask the Court to strike all factual allegations in Plaintiff's opposition to their Motion for Judgment on the Pleadings. They also ask the Court to refuse to rely upon any such newly submitted allegations for purposes of their pending dispositive motion.

>Respectfully submitted,
>
>NANCY H. ROGERS
>Attorney General of Ohio
>
>/s/ *J. Eric Holloway*
>J. ERIC HOLLOWAY (0063857)
>Assistant Attorney General
>Corrections Litigation Section
>150 E. Gay Street, 16th Floor
>Columbus, Ohio 43215
>614/644-7233; Fax: 866-459-6675
>eholloway@ag.state.oh.us
>Trial Counsel for Defendants

### **CERTIFICATE OF SERVICE**

I certify that, on 12th of December, 2008, a copy of the foregoing ***Defendants' Motion to Strike/in limine in the Alternative*** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Alan S. Konop (0029036)
413 N. Michigan Street
Toledo, Ohio 43624
(419) 255-0571; Fax (419) 255-6227

>/s/ *J. Eric Holloway*
>J. ERIC HOLLOWAY