# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF JOSEPH LEWIS CLARK, | / | |
| IRMA CLARK, ADMINISTRATOR | / | |
| | / | Case No. 1:07-cv-00510 |
| | / | |
| PLAINTIFF | / | |
| | / | Judge Michael R. Barrett |
| | / | |
| -vs- | / | |
| | / | |
| | / | |
| | / | **FIRST AMENDED COMPLAINT** |
| | / | |
| EDWIN C. VOORHIES, JR. | / | |
| SOUTHERN OHIO | / | |
| CORRECTIONAL FACILITY | / | Alan S. Konop (0029036) |
| 1724 ST. RT. 728 | / | 413 N. Michigan Street |
| P. O. BOX 45699 | / | Toledo, OH 43624 |
| LUCASVILLE, OHIO 45699 | / | (419) 255-0571 |
| | / | (419) 255-6227 FAX |
| TERRY COLLINS | / | alankonop@ameritech.net |
| SOUTHERN OHIO | / | ATTORNEY FOR PLAINTIFF |
| CORRECTIONAL FACILITY | / | |
| 1724 ST. RT. 728 | / | |
| P. O. BOX 45699 | / | |
| LUCASVILLE, OHIO 45699 | / | |
| | / | |
| EXECUTION TEAM MEMBER #1 | / | |
| SOUTHERN OHIO | / | |
| CORRECTIONAL FACILITY | / | |
| 1724 ST. RT. 728 | / | |
| P. O. BOX 45699 | / | |
| LUCASVILLE, OHIO 45699 | / | |
| | / | |
| | / | |
| EXECUTION TEAM MEMBER #2 | / | |
| SOUTHERN OHIO | / | |
| CORRECTIONAL FACILITY | / | |
| 1724 ST. RT. 728 | / | |

P. O. BOX 45699                                  /
LUCASVILLE, OHIO 45699                           /
                                                 /
EXECUTION TEAM MEMBER #3                         /
SOUTHERN OHIO                                    /
CORRECTIONAL FACILITY                            /
1724 ST. RT. 728                                 /
P. O. BOX 45699                                  /
LUCASVILLE, OHIO 45699                           /
                                                 /
                                                 /
EXECUTION TEAM MEMBER #4                         /
SOUTHERN OHIO                                    /
CORRECTIONAL FACILITY                            /
1724 ST. RT. 728                                 /
P. O. BOX 45699                                  /
LUCASVILLE, OHIO 45699                           /
                                                 /
EXECUTION TEAM MEMBER #5                         /
SOUTHERN OHIO                                    /
CORRECTIONAL FACILITY                            /
1724 ST. RT. 728                                 /
P. O. BOX 45699                                  /
LUCASVILLE, OHIO 45699                           /
                                                 /
EXECUTION TEAM MEMBER #6                         /
SOUTHERN OHIO                                    /
CORRECTIONAL FACILITY                            /
1724 ST. RT. 728                                 /
P. O. BOX 45699                                  /
LUCASVILLE, OHIO 45699                           /
                                                 /
EXECUTION TEAM MEMBER #7                         /
SOUTHERN OHIO                                    /
CORRECTIONAL FACILITY                            /
1724 ST. RT. 728                                 /
P. O. BOX 45699                                  /
LUCASVILLE, OHIO 45699                           /
                                                 /
EXECUTION TEAM MEMBER #8                         /
SOUTHERN OHIO                                    /
CORRECTIONAL FACILITY                            /
1724 ST. RT. 728                                 /

P. O. BOX 45699                                /
LUCASVILLE, OHIO 45699              /
                                                       /
EXECUTION TEAM MEMBER #9     /
SOUTHERN OHIO                            /
CORRECTIONAL FACILITY            /
1724 ST. RT. 728                              /
P. O. BOX 45699                                /
LUCASVILLE, OHIO 45699              /
                                                       /
EXECUTION TEAM MEMBER #10   /
SOUTHERN OHIO                            /
CORRECTIONAL FACILITY            /
1724 ST. RT. 728                              /
P. O. BOX 45699                                /
LUCASVILLE, OHIO 45699              /
                                                       /
EXECUTION TEAM MEMBER #11   /
SOUTHERN OHIO                            /
CORRECTIONAL FACILITY            /
1724 ST. RT. 728                              /
P. O. BOX 45699                                /
LUCASVILLE, OHIO 45699              /
                                                       /
EXECUTION TEAM MEMBER #12   /
SOUTHERN OHIO                            /
CORRECTIONAL FACILITY            /
1724 ST. RT. 728                              /
P. O. BOX 45699                                /
LUCASVILLE, OHIO 45699              /
                                                       /
                                                       /
                  Defendants.              /
                                                       /
                                                       /

**Preliminary Allegations**

1. This is an action based upon 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments of the United States Constitution.

2. This court has jurisdiction to hear § 1983 claims pursuant to 28 U.S.C. § 1331.

3. Plaintiff was a citizen of Lucas County, Ohio.

4. All events giving rise to this claim occurred in took place in Lucasville, OH, at the Southern Ohio Correctional Facility.  The defendants performed all conduct in question under color of law.

## General Allegations

5. Joseph Clark was sentenced to death by lethal injection for the 1984 murder of David Manning.

6. Prior to his arrest, Mr. Clark had been a long-time intravenous drug user.

7. The Ohio Department of Rehabilitation and Corrections (ODRC) is responsible for carrying out all executions.  ODRC chooses a penal institution at which executions are to be carried out, and the warden or deputy warden of that facility is responsible for carrying out those executions.

8. The execution team consists of ODRC employees with some medical technician training.

9. On information and belief, prior to the execution of Mr. Clark, execution team members received no medical training or training on how to determine whether the drugs are actually working on the inmate.

10. On information and belief, prior to the execution of Mr. Clark, execution team members received no training on the detection of consciousness.

11. Ohio's execution protocol gives the warden discretion to allow the attendance of "such number of physicians of the institution…and medical personnel as the Warden or Acting Warden thinks necessary."

12. Pursuant to § 4(g) of Ohio's execution protocol, the warden is required to "brief key personnel…including medical and mental health, in order to allow intake information to be obtained".

13. Section 5(a) of Ohio's execution protocol requires that "prior to the execution and upon arrival at the institution, a medical review of the inmate shall be conducted to establish any unique factors which may impact the manner in which the execution team carries out the execution."

14. In addition to the written protocol, there are several additions to the protocol that are not in writing and that have been adopted by custom and practice.

15. Upon information and belief, the warden did not request the attendance of any physicians or medical personnel to advise or assist the execution team in case difficulties arose in carrying out Mr. Clark's execution.

16. Upon information and belief, the warden did not hold a briefing of execution team members to gather intake information for Mr. Clark's execution.

17. Upon information and belief, ODRC officials failed to carry out the pre-execution medical review required by the execution protocol.

18. Mr. Clark's execution took place on May 02, 2006 at the Southern Ohio Correctional Facility in Lucasville, Ohio.

19. During the execution, Mr. Clark climbed up on the gurney himself, offering no resistance to the procedure.

20. For 25 minutes prior to the beginning of Mr. Clark's execution, the execution team attempted to place shunts in both of his arms. Mr. Clark's veins were difficult to IV due to scar tissue built up over years of drug use.

21. In a break with normal procedure, the execution team proceeded with heparin lock in only one of Mr. Clark's arms.

22. Like other lethal injection states, Ohio employs three drugs in the execution procedure.

23. According to an execution log provided by the Ohio Department of Corrections, Mr. Clark received syringes 'one' and 'two' containing Thiopental Sodium and the first saline IV flush. This first series of injections was completed by 10:37AM.

24. The first execution attempt failed, most likely because Mr. Clark's vein had collapsed and that the first drug had infiltrated the tissue rather then entering the vein and bloodstream.

25. The execution team discovered the problem when Mr. Clark lifted his head from the gurney and repeatedly stated, "It don't work".

26. Mr. Clark also asked members of the execution team if any alternate means of administering a lethal dose were available.

27. After the failed first attempt, the execution team contacted the Ohio attorney general's office, and also the governor's office, for instructions on how to proceed.

28. The execution team closed a curtain between the execution chamber and the witness room. Terry Collins, Ohio Department of Rehabilitation and Correction Director, ordered the curtain closed to "reduce pressure on the execution team".

29. After the curtain was closed, additional personnel entered the execution chamber, including security personnel.

30. In another break from procedure, security personnel participated in the execution process.  On at least one occasion, a security team member squeezed or massaged Mr. Clark's right bicep.

31. At at least one point, a member of the security team restrained Mr. Clark's head and chin, while the execution team attempted to find an access point above Mr. Clark's collarbone.

32. During the attempts to find a good vein, the execution team exhausted and disposed of its supply of rubber tourniquets used in the process of administering IV sites.

33. On information and belief, due to the lack of proper tourniquets, the execution team resorted to using a stethoscope as a crude tourniquet, including during the attempt to find an insertion point in Mr. Clark's neck.

34. Attempts by the execution team to find a good vein took almost 1/2 hour.

35. While the execution team attempted to find a good vein, witnesses could hear Mr. Clark's groans from behind the curtain.

36. Once the execution team was able to find a usable vein, all eight syringes of chemicals were administered as prescribed by the lethal injection protocol.  This

series of injections included a repeat of the two sodium thiopental injections and saline flush administered during the first attempt.

37. On information and belief, prior to proceeding with the second execution attempt, there was no discussion as to whether proceeding with only one IV site was prudent.

38. Mr. Clark was pronounced dead at 11:26 A.M.

39. An autopsy of Mr. Clark's body confirms the problematic nature of Mr. Clark's execution. Specifically, the presence of 19 needle puncture wounds is indicative of technical difficulties the execution team encountered during this execution process.

40. The autopsy of Mr. Clark also revealed evidence (intensive redness of skin and local tissues) indicating paravenous injection of the lethal injection drugs.

41. On information and belief, in every execution prior to Mr. Clark, two IV sites were established before the execution began.

42. On information and belief, there had been no training to prepare the execution team to handle an execution involving limited vein access. The written protocol did not address what to do when both IV lines fail, nor does the protocol addresses switching lines during the execution. Further, there was no emergency plan in place, or fixed procedures for responding to a failed execution attempt.

43. Properly carried out, an execution by lethal injection normally takes less than 10 minutes.

44. At 86 minutes, Mr. Clark's execution was the 3rd longest lethal injection in American history.

## COUNT ONE:

## Violation of Civil Rights under 42 U.S.C. § 1983

45. Plaintiff re-alleges paragraphs 1-44.

46. A successful lethal injection necessarily depends on the lethal chemicals entering the body of the inmate in a predictable, timely fashion.

47. In past executions by lethal injection, inmates with scarred or otherwise inaccessible veins have suffered through lengthy, sometimes excruciatingly painful, lethal injection procedures.

48. Because Mr. Clark was an intravenous drug user, there was a substantial risk that the condition of Mr. Clark's veins would not provide adequate access for the lethal injection chemicals.

49. Due to the accessibility problems with Mr. Clark's veins, additional medical measures were required to ensure that Mr. Clark's execution would be reasonably quick and humane, as required by Ohio Revised Code § 2949.22(C) and the "Cruel and Unusual Punishments" clause of the Eighth Amendment.

50. On information and belief, Defendants failed to examine Mr. Clark for potential medical difficulties prior to carrying out his execution as required by Ohio's execution protocol.

51. In addition, Defendants lacked adequate training and equipment to quickly and effectively manage Mr. Clark's problematic execution once the execution was underway.

52. As a result of Defendants' deliberate indifference to the substantial risk of a problematic execution, Mr. Clark needlessly suffered humiliation, pain and suffering, and emotional distress.  The excessive suffering inflicted on Mr. Clark was entirely preventable, and served no legitimate penological purpose.

Wherefore, Plaintiff Joseph Clark demands of Defendants jointly and severally in their individual capacities compensatory damages in the amount of $150,000.  Plaintiff also demands such other and further relief, both in law and in equity, as the court deems just.

## JURY DEMAND

Plaintiff demands a jury for all issues properly tried to a jury.

Respectfully submitted,

___/s/ Alan S. Konop_____
Alan S. Konop (0029036)
413 N. Michigan Street
Toledo, OH 43624
(419) 255-0571
(419) 255-6227 FAX
alankonop@ameritech.net
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing motion has been served on the individual listed below by operation of the Court's electronic filing system, this 25th day of August, 2009:

J. Eric Holloway
Assistant Attorney General
Corrections Litigation Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215

                                                              ___/s/ Alan S. Konop____