# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| ESTATE OF JOSEPH LEWIS CLARK, IRMA CLARK, ADMINISTRATOR | |
| | Case No. 1:07-cv-00510 |
| PLAINTIFF, | |
| | Judge Michael R. Barrett |
| -vs- | |
| | **REPLY TO DEFENDANT'S SECOND MOTION FOR JUDGMENT ON THE PLEADINGS** |
| EDWIN C. VOORHIES, JR., et al., | |
| DEFENDANTS. | |

Plaintiff Irma Clark responds to Defendants' "Reply in Support of their Motion for Judgment on the Pleadings," filed March 05, 2010. For reasons set forth in the Memorandum below, Plaintiff Clark respectfully requests this Court to find Defendants' motion not well-taken, and deny the same.

Defendants rely heavily on *Baze v. Rees*, 553 U.S. 35, 128 S.Ct. 1520 (2008). Essentially, the State argues that under *Baze*, Mrs. Clark cannot proceed with this litigation because her complaint:

1. does not allege that the execution protocol in place at the time of Mr. Clark's execution posed a "substantial risk of serious harm,"[1] and

---

[1] Defendants' Reply in Support of their Motion for Judgment on the Pleadings (filed 12/12/08), page 3.

1

    2. does not "proffer a better, more humane manner in which to carry out the death penalty."[2]

However, the State's reliance on *Baze* is misplaced. *Baze* presented an entirely different set of facts and legal issues, which Chief Justice Roberts summarized as follows:

> "Petitioners in this case...acknowledge that the lethal injection procedure, if applied as intended, will result in a humane death. ***They nevertheless contend that the lethal injection protocol is unconstitutional under the Eighth Amendment's ban on 'cruel and unusual punishments,' because of the risk that the protocol's terms might not be properly followed, resulting in significant pain. They propose an alternative protocol, one that they concede has not been adopted by any State and has never been tried.*** The trial court held extensive hearings and entered detailed Findings of Fact and Conclusions of Law. It recognized that "[t]here are no methods of legal execution that are satisfactory to those who oppose the death penalty on moral, religious, or societal grounds," but concluded that Kentucky's procedure "complies with the constitutional requirements against cruel and unusual punishment." The State Supreme Court affirmed. We too agree that petitioners have not carried their burden of showing that the risk of pain from maladministration of a concededly humane lethal injection protocol, and the failure to adopt untried and untested alternatives, constitute cruel and unusual punishment [emphasis added]." 128 S.Ct. 1520, 1526 (2008).

In short, *Baze* stands for the proposition that an inmate seeking the adoption of an alternative method of execution must demonstrate that the existing protocol poses a "substantial risk of harm," and the inmate's proposed alternative must specifically address the substantial risk posed by the existing method.

    In light of the above, the State's insistence that *Baze* requires Plaintiff Clark to propose an alternative execution method is somewhat puzzling. Unlike the petitioners in *Baze*, Plaintiff Clark does not seek to modify an existing execution protocol. Rather, Mrs. Clark contends that the State of Ohio deviated from and otherwise failed to

---

[2] Defendants' Reply in Support of their Motion for Judgment on the Pleadings (filed 12/12/08), page 3.

properly implement the existing protocol, resulting in unnecessary pain and suffering. This is a critical distinction. The petitioners in *Baze* speculated about the possibility of future misapplication of an existing protocol, and therefore proposed an alternative method to minimize that risk. In sharp contrast, Plaintiff Clark seeks redress for specific past misconduct of the State in carrying out a specific execution. For this reason, the "deliberate indifference" cases are a logical framework for determining liability, as the State apparently concedes:

> "It is possible that a reading construed in Plaintiff's favor could identify allegations in the Complaint that the prison officials knew of and disregarded a risk of harm to Mr. Clark. This covers the first two components of the medical deliberate indifference claim. However...[t]he Complaint does not allege a legally sufficient substantial risk of serious harm to Mr. Clark. "[3]

Regarding "deliberate indifference," the State's main point of contention is that the risk of harm to Mr. Clark was not "substantial," citing *Baze* for the proposition that "the Constitution does not demand the avoidance of all risk of pain in carrying out execution."[4] But, Plaintiff has never argued that Mr. Clark was constitutionally entitled to a pain-free execution. In the context of his execution, Mr. Clark certainly had a right to be free of unnecessary pain and suffering due to the deliberate indifference of prison officials. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). And, the Supreme Court has long recognized that "[p]unishments are cruel when they involve torture *or a lingering death* [emphasis added]." *In re Kemmler*, 136 U.S. 436, 447 (1890). The State knew of and ignored a risk of harm to Mr. Clark, and he suffered through an execution involving both

---

[3] Defendants' Reply in Support of their Motion for Judgment on the Pleadings (filed 12/12/08), page 4.

[4] Defendants' Reply in Support of their Motion for Judgment on the Pleadings (filed 12/12/08), page 4.

"unnecessary pain," and a "lingering death." This is sufficient to support a claim of deliberate indifference.

## CONCLUSION

Plaintiff Clark's complaint alleges every element of a deliberate indifference claim. Therefore, Plaintiff respectfully requests this Court to find Defendant's Motion not well-taken and deny the same. Plaintiff also requests this Court to lift the stay on discovery.

Respectfully submitted,

/s/ Alan S. Konop
Alan S. Konop (0029036)
413 N. Michigan Street
Toledo, OH 43624
(419) 255-0571
(419) 255-6227 FAX
alankonop@ameritech.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing motion has been served on the individual listed below by operation of the Court's electronic filing system, this 15th day of March, 2010:

J. Eric Holloway
Assistant Attorney General
Corrections Litigation Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215

/s/ Alan S. Konop
Alan S. Konop